**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **GURSHEEL S. DHILLON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| v. | : | **FILE NO.** |
| | : | |
| **ZIONS FIRST NATIONAL BANK,** | : | |
| **JOHN and JANE DOES 1–10,** | : | |
| | : | |
| **Defendants.** | : | |

## NOTICE OF REMOVAL

Defendant Zions First National Bank ("Zions Bank" or "Defendant") hereby removes this action from the Superior Court of Cobb County, Georgia. As described below, this Court has jurisdiction over the claims alleged in this case, and the procedural requirements of removal have been satisfied. As such, this case is properly removed to this Court.

1.

Defendant has been named in *Gursheel S. Dhillon v. Zions First National Bank, John and Jane Does 1–10*, Civil Action No. 11-1-2689, which was filed in the Superior Court of Cobb County, Georgia.

2.

Pursuant to 28 U.S.C. § 1332(a), this Court has diversity jurisdiction over this suit because there is complete diversity of citizenship among the parties and because the amount in controversy, exclusive of interest and costs, exceeds $75,000. In addition, pursuant to 28 U.S.C. § 1441 *et seq.*, this case is properly removable.

## **DIVERSITY JURISDICTION**

### **Diversity of Citizenship**

3.

Plaintiff Gursheel S. Dhillon (the "Plaintiff") is an individual, who, upon information and belief, resides in Tennessee, and is domiciled in Tennessee. For purposes of determining diversity jurisdiction, Plaintiff is, therefore, a citizen of Tennessee. (*See* Summons; attachments to Compl.).

4.

Defendant Zions Bank is a federally chartered bank with its main office located in Salt Lake City, Utah. For purposes of diversity jurisdiction, Zions Bank is a citizen of Utah. *See Wachovia Bank, National Association v. Schmidt*, 546 U.S. 303, 318 (2006) (for diversity jurisdiction a national bank is a citizen of the state in which its main office is located).

5.

Thus, there is complete diversity of citizenship between Plaintiff and Defendant.[1]

**Amount in Controversy**

6.

In the Complaint, Plaintiff asserts a breach of contract claim against Defendant. (*See* Compl. ¶¶ 1–10 [first set]). Based on this claim, Plaintiff seeks to compel the sale of two pieces of real property. (*See* Compl. ¶¶ 1 [second set]).

7.

The allegations in the Complaint make clear that the amount in controversy exceeds $75,000.00. Plaintiff seeks to compel the sale of two parcels of real property that Plaintiff contends is worth at or near $1,069,000.00 in total. (*See* Letter from Plaintiff attached to Compl.) (valuing Canton Road property at $469,000.00 and Scales Road property at $600,000.00).

---

[1] The presence of "Doe" defendants is disregarded for the purposes of diversity jurisdiction. *See* U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

8.

As a result, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00, and Plaintiff and Defendant are completely diverse. Thus, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a).

**PROPRIETY OF REMOVAL**

9.

As described below, Defendant has complied with the procedural requirements for removal.

10.

The Northern District of Georgia is the federal judicial district embracing Cobb County, Georgia, where this action originally was filed. *See* 28 U.S.C. § 90(a). Venue, therefore, is proper in this District pursuant to 28 U.S.C. § 1441(a).

11.

Plaintiff filed his Complaint on March 28, 2011. Defendant received a copy of the Complaint on or about April 5, 2011.[2] This Notice of Removal, therefore, is timely pursuant to 28 U.S.C. § 1446(b).

---

[2] Defendant does not concede that it was properly served with the Summons and Complaint in this matter. Defendant is filing this notice of removal now, out of an abundance of caution, but Defendant expressly reserves its right to assert the defense of insufficient service of process.

12.

Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal will be served promptly upon Plaintiff and filed with the Clerk of the Superior Court of Cobb County, Georgia.

13.

A copy of all pleadings and process filed in the Superior Court of Cobb County in this case is attached to this Notice of Removal as <u>Exhibit A</u>.[3]

14.

Zions Bank is the only named defendant in this matter.

\* \* \* \*

WHEREFORE, Defendant respectfully submits this Notice of Removal.

---

[3] Counsel have redacted portions of the Complaint pursuant to N.D. Ga. Standing Order No. 04-02.

Respectfully submitted this 14th day of April, 2011.

**PARKER, HUDSON, RAINER & DOBBS LLP**

*/s/ Peter F. Busscher*
Eric Jon Taylor
Georgia Bar No. 699966
Peter F. Busscher
Georgia Bar No. 407228

1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
Telephone:  404-523-5300
Facsimile:  404-522-8409
E-mail: etaylor@phrd.com
E-mail: pbusscher@phrd.com

*Counsel for Zions First National Bank*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL** upon all parties to this matter via overnight delivery, first class U.S. mail, and e-mail addressed to Plaintiff as follows:

>   Gursheel S. Dhillon
>   112 Plainview Dr.
>   Estill Springs, Tennessee 37330
>
>   dhillgs@aol.com

This 14th day of April, 2011.

>   */s/ Peter F. Busscher*
>   Peter F. Busscher

1895678_1